UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:07-CR-487 CEJ |
| | ) |
| DAVID E. WISE, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Pursuant to 28 U.S.C. § 636(b), the Court referred all pretrial matters in this case to United States Magistrate Judge David D. Noce for determination and recommended disposition, where appropriate. On February 19, 2008, Judge Noce issued a Report and Recommendation with respect to the motions filed by defendant David Wise to suppress evidence and statements. The defendant filed timely objections to the magistrate judge's recommendations that his suppression motions be denied.

Pursuant to 28 U.S.C. § 636(b)(1), the Court has reviewed *de novo* the findings and conclusions of the magistrate judge to which objections are made. In conducting its review, the Court has read the transcript of the evidentiary hearings and reviewed the parties' post-hearing memoranda. Having done so, the Court concludes that the factual findings made by Judge Noce are supported by the evidence and that his legal conclusions are correct.

**I. Discussion**

The testimony establishes that in the afternoon of July 16, 2007, St. Louis police officers went to the defendant's apartment in the hope of conducting a "knock and talk" interview. The police had been directed to the defendant's apartment by Brian Sievers. Earlier that day, the police had searched Sievers' residence in Chesterfield where they found several hundred marijuana plants, two firearms, and materials related to the cultivation and distribution of marijuana. Sievers told the police that defendant Wise took care of the marijuana plants.

Two of the officers, Det. Jeff Seerey and Det. John Cochran, approached Wise's apartment, knocked on the door, and identified themselves as police officers. Det. Seerey told Wise that he'd like to speak with him about "a situation which happened in Chesterfield," and asked Wise whether he would prefer to talk inside or outside the apartment. Wise stated that he would prefer to talk inside, and he admitted the officers into the apartment. Once inside, Wise led the officers to a bedroom because he didnot want to talk to them in the presence of his wife and child. In the bedroom, Det. Seerey patted Wise down to make sure he didn't have a weapon and directed Wise to remove an object from his pocket. The object was a pouch that Wise told the police contained an amount of marijuana for his personal use. Det. Seerey also found and seized marijuana seeds that were on top of a dresser in the bedroom.

Det. Seerey told Wise that the police had discovered a large number of marijuana plants at Sievers' home, and asked Wise whether

he knew Sievers. Det. Seerey also told Wise that Sievers was in custody and that he had implicated Wise. According to the testimony of the police officers and the testimony of Wise's wife, Wise's only responses to Det. Seerey and Det. Cochran were his repeated expressions of disbelief.

Approximately five or ten minutes after the first two officers arrived, a third officer, Det. Josh Davis, entered the bedroom with Sievers. At that point, Det. Seerey left the bedroom. When Wise asked what was going on, Sievers responded, "They're on to us, they got the whole grow." Immediately after that, Det. Davis read the Miranda warnings to Wise from a card. Wise did not appear to be under the influence of alcohol or drugs, and he stated that he understood his rights to remain silent and to counsel and that he was willing to answer questions. Det. Davis then proceeded to question Wise, who responded that he was involved in growing marijuana with Sievers. Wise was handcuffed, but he was released after he agreed to cooperate with the police and to become a confidential informant.

**A. Fourth Amendment Issues**

The evidence establishes that Wise consented to the officers' entry into his apartment and into his bedroom. Thus, no warrant was required.

The pat-down search of Wise did not violate the Fourth Amendment, as the police had reasonable suspicion (based on the discovery of the marijuana plants and firearms and Sievers'

statements) that Wise was involved in criminal activity.  See <u>United States v. Ellis</u>, 501 F.3d 958, 961 (8th Cir. 2007).  Further, the warrantless seizure of the marijuana seeds that were in plain view on the dresser did not violate the Fourth Amendment.  See <u>United States v. Varner</u>, 481 F.3d 569, 572 (8th Cir. 2007).

**B. <u>Fifth Amendment Issues</u>**

The testimony establishes that, before questioning Wise, Det. Davis properly advised him of his rights to remain silent and to counsel, as required by <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966). Wise understood his rights, and he agreed to waive them and to answer Det. Davis' questions.  Wise's statements were not obtained in violation of the Fifth Amendment.

The government states that it does not intend to offer into evidence any statement Wise made before the <u>Miranda</u> warnings were given.  Wise contends, however, that the pre-<u>Miranda</u> questioning by Det. Seerey requires the suppression of his post-<u>Miranda</u> statements. The Court disagrees.

The undisputed testimony establishes that during the initial encounter, Det. Seerey told Wise about the marijuana seizure at Sievers' residence and that Sievers' had implicated Wise.  Wise's only responses were that he didn't believe what the officer was telling him; he was not, however, responding to any specific questions.  Det. Davis entered the bedroom minutes later and gave the <u>Miranda</u> warnings to Wise.  Det. Seerey had left the bedroom by that time, and all questioning of Wise was conducted by Det. Davis.

Based on the credible evidence, the Court concludes that the pre-Miranda encounter between Wise and Dets. Seerey and Cochran did not undermine the Miranda warnings later given by Det. Davis. See United States v. Gonzalez-Lauzan, 437 F.3d 1128 (11th Cir. 2006), cert. denied, 127 S. Ct. 146 (2006) [citing Missouri v. Seibert, 542, U.S. 600, 615 (2004)].

**C. Credibility Issues**

The testimony presented by the government and by Wise differed in several respects, thus raising an issue of credibility. For the reasons discussed below, the Court resolves this credibility dispute in favor of the government.

First, Wise's testimony that the officers forced him to go into the bedroom is contradicted by his wife's testimony that Wise told the police he did not want to talk to them in front of her and their child. Second, Wise testified that he made no statements to the officers and that he did not agree to become an informant. The evidence shows that the police had evidence linking Wise to a large marijuana cultivating operation, that Wise simply expressed his disbelief without denying the accusations that Sievers had made, and that Wise had marijuana in his possession. Despite all this, Wise was not arrested. The fact that Wise was not charged or arrested that day, given the evidence against him, is consistent with the police testimony that he agreed to cooperate with them. These factors cause the Court to disbelieve Wise's evidence in all other

respects, to the extent it contradicts the evidence presented by the government.

**II. Conclusion**

For the foregoing reasons, the Court overrules the defendant's objections to the magistrate judge's findings of fact and conclusions of law.  Further, the Court concludes that there is no factual or legal basis for suppressing the evidence or statements obtained from the defendant.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge David D. Noce is sustained, adopted, and incorporated herein.

**IT IS FURTHER ORDERED** that the motions of defendant David Wise to suppress evidence and statements [Doc. #32] and to suppress confessions [Doc. #38] are **denied**.

```
_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE
```

Dated this 18th day of August, 2008.